UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**David Scott,**

       **Plaintiff,**         **CIVIL ACTION NO. 06-13916**
  **vs.**

                               **DISTRICT JUDGE ARTHUR J. TARNOW**

**Daniel A. Burress et. al.,**        **MAGISTRATE JUDGE VIRGINIA M. MORGAN**
       **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL

This is a prisoner civil rights complaint brought under 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion For Appointment of Counsel. This Court finds that appointment of counsel at this stage of the litigation is unwarranted.

Appointment of counsel for prisoners[1] proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915, which states that "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Sixth Circuit has stated:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved.

*Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). *See also Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996) (citing Charles R. Richey, Prisoner Litigation in the United States Courts 75 (1995)("'Prisoners have no statutory right to counsel in civil rights cases.

---

[1]Plaintiff was release from prison in July 2006. He filed this case in September 2006 alleging that he was improperly denied parole in 2005. While not a prisoner at the time he filed, the law regarding a prisoner is equally applied for plaintiff.

Instead, the appointment of counsel is within the court's discretion.'").  At this time, the Court declines to exercise its discretion to appoint counsel to represent Plaintiff.  Plaintiff has adequately alleged the claims forming the basis of this § 1983 lawsuit indicating his basic understanding of the legal process.  Accordingly, Plaintiff's Motion For Appointment of Counsel are DENIED without prejudice.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: February 16, 2007                         s/Virginia M. Morgan
                                                 VIRGINIA M. MORGAN
                                                 UNITED STATES MAGISTRATE JUDGE


**Proof of Service**

I hereby certify that a copy of this Order was served upon David J. Scott on this date: February 16, 2007.

                                                 s/Jane Johnson
                                                 Courtroom Deputy