UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. SCOTT,

    Plaintiff,                          CIVIL ACTION NO. 06-13916

    v.                                 DISTRICT JUDGE ARTHUR J. TARNOW

DANIEL A. BURRESS, BRIAN        MAGISTRATE JUDGE VIRGINIA MORGAN
LAVAN, THOMAS CREMONTE,
BERRY GETZEN, THOMAS
DECLERK, JAMIE CORONA, and
DARYN COBB,

    Defendants.
_____/

### REPORT AND RECOMMENDATION GRANTING
### DEFENDANTS' MOTIONS TO DISMISS

This matter is before the court on dispositive motions filed by defendants Burress, Cremonte, Lavan, and Cobb (D/E 9, 16, 17). Plaintiff, a former prisoner in the Michigan Department of Corrections (MDOC), filed this action after his release in July, 2006, against the state circuit judge who sentenced him (Judge Daniel Burress (now retired)), attorney Brian Lavan, Livingston County Sheriff Lt. Cremonte, Michigan State Police (MSP) Major Getzen, MSP Sgt. DeClerk, Msp Detective Lt. Corona[1] and MDOC Parole Agent Cobb. For the reasons discussed in this Report, it is recommended that defendants' motions be granted.

---

[1]Defendants Getzen, DeClerk, and Corona filed an answer to the complaint (#10) but have not filed Motions to Dismiss.

I. History and Procedural Background

Plaintiff was convicted and sentenced in Livingston County Circuit Court by the Hon. Daniel Burress for violating state drug laws. Incarcerated since 1987, plaintiff was paroled July 11, 2006. He filed this *pro se* action September 1, 2006, and was permitted to proceed *in forma pauperis*.[2] In the complaint, plaintiff alleges that the defendants conspired to send false allegations to the parole board, resulting in revocation of his parole status, a prolonged loss of liberty, interference with his constitutional rights, exposure to public contempt, disdain and hatred, and emotional distress. Plaintiff was scheduled for release on parole August 16, 2005. After receiving a letter written by defendant Cremonte, plaintiff's status was changed and he was not released. Plaintiff claims that the letter was false and defamatory, was written in retaliation for the exercise of his First Amendment rights, and that the defendants conspired to deny him parole. Specifically, plaintiff contends that the defendant's false letter was in retaliation for his subpoenaing retired Judge Burress in Scott v. Bair 1:95-cv-571 (Western District of Michigan).

Plaintiff filed that case in 1995, naming as defendants Judge Burress and others. After three separate appellate proceedings and after the dismissal of all defendants except Bair, the case was tried to a jury in March, 2005. (Memorandum Opinion, Hon. Joseph Scoville, 5/12/05). The claims plaintiff raised were retaliation and conspiracy, with underlying allegations of false charges. The jury found against plaintiff as to all claims.

---

[2]While incarcerated, plaintiff was a frequent filer (see attached list of cases) and would not have been eligible to proceed in this case under the three-strikes rule if he were a prisoner. However, because he was paroled, the rule was not applicable to him.

In January 2005, plaintiff subpoenaed Judge Burress to give a deposition in the case. Plaintiff sought to compel Judge Burress to give an oral deposition at the prison where plaintiff was incarcerated. The court quashed the subpoena, finding that the subpoena was unrelated to the subject matter of the case. At the hearing on the motion to quash, plaintiff's court appointed counsel presented a 30-page, handwritten affidavit from plaintiff setting forth plaintiff's allegations of the relevance of Judge Burress' testimony to the action. The court found that the "affidavit set forth a clearly delusional series of allegations to the effect that Judge Burress had conspired with numerous public officials, including Justices of the Supreme Court, to cover up a public corruption scandal." Opinion, May 12, 2005.

Plaintiff's parole hearing was held in July, 2005. On or about August 5, 2005, defendant Cremonte, a lieutenant with the Livingston County Sheriff's Department, wrote a letter to Major Barry Getzen of the Michigan State Police requesting surveillance of plaintiff after he was paroled. The letter stated as follows:

> "Dear Major Getzen,
>
> On or about August 10, 2005, David James Scott, white/male DOB 6/26/1953, MDOC #191939, is scheduled to be paroled from MDOC. Scott has been incarcerated since about 1984. The reason for this letter is to express my concern over Mr. Scott's release.
>
> It is the collective opinion of many in law enforcement, the prosecutor's office and the judiciary that Scott poses a legitimate danger to persons in our community. More specifically, Scott has expressed through words and deeds his intent to kill Brighton attorney Brian Lavan; and recently retired Circuit Court Judge Daniel Burress, as well as others whom he believes played a role in his incarceration.

> About 10 years earlier, the FBI notified us that Scott had tried to hire two subjects to kill attorney Lavan. As recently as five months ago, an informant forwarded information from prison that Scott had told others of his intent to kill both Lavan and Burress."
>
> Evidence that Scott may pose a risk is illustrated in his sentence. Scott received an 8-20 year sentence for conspiracy to deliver cocaine. Scott, although incarcerated in 1984, actually began his sentence in 1986 because he had been held by the FBI on a contempt charge for failing to testify before a grand jury. Scott has been in MDOC for 19 years.
>
> MDOC has reported that Scott is a very problematic inmate. He is a rule breaker and files lawsuits regularly. Scott has been moved dozen of times for these reasons.
>
> As of this date we have learned Scott is using others outside the prison system to collect on old drug debts. We have done some interviews but many are afraid of Scott and the knowledge that he is soon to be released has made them less cooperative.
>
> Scott is being paroled on August 16th from Jackson Prison, 4002 Cooper St., Jackson, MI. He is being paroled to Agent Darrin Cobb out of the Lansing field office (blacked out).
>
> We realize that your resources are limited. We are requesting some temporary intelligence gathering and surveillance on Scott immediately upon release. We would be happy to assist in any way we can. Any assistance you can provide will be greatly appreciated.
>
> Sincerely,
> Lieutenant Tom Cremonte
> Livingston County Sheriff's Department

Ex. A To Supp. Reply Brief in Support of Defendant Cremonte's Motion to Dismiss; Complaint, Par. 10

    Getzen forwarded this letter to the Parole Board before plaintiff's scheduled release. The Parole Board changed plaintiff's status and he was not released. Plaintiff contends that the

above statements were false and done in retaliation for his right to petition the government for redress under the First Amendment, that is, for subpoenaing Burress. He alleges that the defendants conspired to injure plaintiff by knowingly making and publishing these false accusations and have defamed him. He seeks money damages.

II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Because a motion under Rule 12(b)(6) is directed solely to the complaint itself, *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 184 (2005) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993). The function of the complaint is to afford the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Conley v. Gibson,* 355 U.S. 41, 47 (1957); *Lewis v. ACB Business Serv., Inc.,* 135 F.3d 389, 405 (6th Cir. 1998). A complaint need not set down in detail all the particularities of a plaintiff's claim. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."

*Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988)(emphasis in original). Bare assertions of legal conclusions are insufficient. *See id.; Allard v. Weitzman* (In *re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993). Likewise, "a formulaic recitation of the elements of a cause of action" is not enough. *Bell Atlantic Corp. v. Twombly,* __ U.S. __, 127 S.Ct. 1955, 1965 (2007).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Scheuer,* 416 U.S. at 236; *Arrow v. Federal Reserve Bank of St. Louis,* 358 F.3d 392, 393 (6th Cir. 2004); *Mayer,* 988 F.2d at 638. The Court will indulge all reasonable inferences that might be drawn from the pleading. *See Saglioccolo v. Eagle Ins. Co.,* 112 F.3d 226, 228 (6th Cir. 1997). However, it will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County, Tenn.,* 220 F.3d 433, 446 (6th Cir. 2000); *Lewis*, 135 F.3d at 405-06. A pleader is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. See, *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007); *Iqbal v. Hasty*, __ F3d __, 2007 WL 1717803, *11 (2d Cir, June 14, 2007)(applying the plausibility standard in the context of § 1983). Although matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider exhibits to a motion to dismiss where the exhibits are referred to in the plaintiff's complaint or are public records. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), overruled on other grounds by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 n.2 (2002).

The Court will grant a motion for dismissal under Rule 12(b)(6) if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim. *Little v. UNUM Provident Corp.,* 196 F.Supp.2d 659, 662 (S.D.Ohio 2002) (citing *Rauch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir.1978)).

III. Law to Be Applied

    A. Title 42 U.S.C. §1983

In any Section 1983 action, the initial inquiry must focus on whether two essential elements are present: whether the conduct complained of was committed by a person acting under color of state law; and whether this conduct deprived the person of rights, privileges or immunities secured by the Constitution or laws of the United States. 42 U.S.C. §1983; *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923 (1980); *Jones v. Duncan*, 840 F.2d 359, 361-62 (6th Cir. 1988). Absent either element, a § 1983 claim will not lie. *Christy v. Bandlett*, 932 F.2d 502, 504 (6th Cir. 1991). In order to succeed on a § 1983 claim, plaintiff must show that the defendant acted under color of state law and that the actions deprived plaintiff of his rights under the U. S. Constitution. *Upsher v. Grosse Pointe Pub. Sch. Sys.*, 285 F.3d 448, 452 (6th Cir. 2002). In this case, plaintiff sues defendants, who are state employees, for actions they took under color of state law. He claims that they retaliated against him for his exercise of his First Amendment rights by falsely accusing him of crimes which resulted in his prolonged loss of liberty and humiliation.

### B. Retaliation

Plaintiff alleges that defendants took adverse action because plaintiff subpoenaed defendant Burress for a deposition in a civil lawsuit. "It is well established that government actions, which standing alone do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." *Thaddeus-X v. Blatter*, 175 F.3d 378, 386 (6th Cir. 1999). Where a plaintiff claims that a defendant penalized him for exercising specific rights, a retaliation claim under § 1983 has three elements and a plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way likely to deter a person of ordinary firmness from further participation in that activity; and (3) the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005).

When the alleged retaliation involves First Amendment rights in the prison setting, the law is particularly context-driven. *Thaddeus-X*, 175 F.3d at 388, 390. "Prisoners certainly do not have greater free speech rights than public employees, but the First Amendment interest that is of central importance to prisoners is their right to access the courts, grounded in the Petition Clause." *Thaddeus-X*, 175 F.3d at 388.

### C. Conspiracy

In addition, plaintiff alleges that the defendants conspired to retaliate against him. Generally, a civil conspiracy is an agreement between two or more persons to injure another by unlawful action. *Weberg v. Franks*, 229 F.3d 514, 526 (6th Cir. 2000). Plaintiff must

demonstrate that (1) a single plan existed; (2) the alleged conspirators shared in the general conspiratorial objective; and (3) an overt act was committed in furtherance of the conspiracy that caused injury to the complainant. *Id*. In the context of § 1983 claims, plaintiff must present specific facts demonstrating either the existence or the execution of the claimed conspiracy. Those facts must show a link between the alleged coconspirators and overt acts in furtherance of the conspiracy. Most importantly, plaintiff must present facts that the conspirators agreed to commit an act which deprived plaintiff of a constitutional right. It is well settled that vague and conclusory allegations of conspiracy unsupported by any facts suggesting conspiracy are insufficient to state a § 1983 claim. *Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2002); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

IV.  Legal Analysis

    A.  Defendant Burress and Cremonte's Motion to Dismiss (D/E #9)

First, it should be noted that there are no facts alleged against Defendant Burress. Burress is not the writer or the sender of the allegedly defamatory letter. He is not the recipient and made no judicial decisions affecting plaintiff's parole. In order to establish liability of a defendant under 42 U.S.C. § 1983, a plaintiff must show personal involvement and responsibility for the wrongdoing. *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872 (6th Cir. 1972). No facts supporting personal involvement are alleged and Burress is entitled to be dismissed. Even if facts should be alleged supporting personal involvement, both defendants are entitled to dismissal of the claims for the reasons discussed below.

### 1. The State Claim of Defamation Is Untimely

Plaintiff brings a defamation claim under Michigan law. Defendants seek to dismiss the claim as untimely. A defamation claim in Michigan is subject to a one year statute of limitations. MCL 600.5805(1), (9). The claim accrues when the publication of the defamatory statement was made, and it begins to run from the date of the original publication. *Mitan v. Campbell*, 474 Mich. 21, 25 (2005). Here, the original publication of the alleged defamatory letter was made by defendant Tom Cremonte, a member of the Livingston County Sheriff's Department, its author. He wrote to Berry Getzen of the Michigan State Police. The letter is dated August 5, 2005. (Ex. 1 to Plaintiff's Response to Defendant Cobb's Motion to Dismiss) Defendant contends that the statute of limitations began to run on that date. However, defendants have offered no proof that the document was actually mailed on that date, although clearly it was mailed sometime shortly thereafter as it was re-mailed by Getzen and received by the state Parole Board on August 15, 2005, prior to plaintiff's scheduled release on August 16, 2005.

If the letter would have been mailed on August 5, the one year statute of limitations expired August 6, 2006. Plaintiff filed his state court action August 15th or 17th, at a time after that date, and filed his federal case even later. Thus, his claim is barred.

Plaintiff argues that his case is timely by combining two arguments. First, he contends that the statute began to run on August 15, 2005, when the alleged defamatory statement was received by the parole board. This is, however, a republication and does not start the running of the time period anew. The claim accrues when the wrong on which the claim is based was done

regardless of the time when the damage results. MCL 600.5827. In this case, that would be clearly sometime before August 15th. Plaintiff then argues that he filed a defamation action in state court on August 15, 2006, and thus, he is within the one year statute of limitations. Plaintiff presented a complaint to the clerk in Livingston County on August 15, 2006, but did not submit the appropriate fees and costs. Instead, he requested to proceed without paying any money. The clerk processed the papers and granted the request to proceed without payment. Plaintiff obtained no waiver of fees before August 15 and the summons was not issued, i.e., the case was not actually filed, until August 17, 2006, when the summons was issued. He later dismissed that action after filing this federal lawsuit in September, 2006. Because the court holds that the statute began to run at some period before August 15, 2005–when the letter to Getzen was mailed or first received by him–plaintiff's action is untimely even if deemed filed August 15, 2006. Accepting that plaintiff filed his complaint in state court on August 15, 2006, this is more than one year later. His claim should be dismissed as untimely.

### 2. Plaintiff has failed to state a claim for Retaliation

As discussed above, a retaliation claim under § 1983 has three elements. Plaintiff must allege that (1) he was participating in a constitutionally protected activity; (2) defendants took adverse action to injure plaintiff in a way likely to deter a person of ordinary firmness from further participation in that activity; and (3) the adverse action was motivated, at least in part, by the plaintiff's protected conduct. *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005).

Plaintiff has not shown that he was participating in constitutionally protected activity. He claims that defendant Cremonte wrote the letter in retaliation for plaintiff issuing a subpoena

in *Scott v. Bair*. Plaintiff did not serve the subpoena. It was his counsel who served the subpoena (see *Scott v. Bair*, Memorandum Opinion, #198), as is required under 28 U.S.C. § 1915(d): "The officers of the court shall issue and serve all process." Further, the court quashed the subpoena, finding that it was based on allegations "completely unrelated to the retaliation claim against defendant Philip Bair." (Ex. 1 pp. 3-4, 7 to #9-1) Plaintiff submitted an affidavit at that hearing but, under the specific circumstances here, the court is disinclined to hold that it is protected conduct. While ordinarily the activity of a subpoena to a witness to give a deposition in a civil case could be held to be protected conduct, there is no support for such a finding here. Judge Burress was plaintiff's sentencing judge. Plaintiff named him as a defendant here and in the *Bair* case. But, in both instances, the actions are without basis. Plaintiff provided no factual or legal support for bringing the action against Burress. The court in *Bair* found that Judge Burress had no involvement in the circumstances of the prison misconduct ticket that plaintiff alleged was retaliatory. Plaintiff's subpoena to Burress had nothing to do with the allegations of retaliation against defendant Phillip Bair. The affidavit was held to be a recitation of clearly delusional allegations by plaintiff. (Memorandum Opinion 3) Federal Rule of Civil Procedure Rule 26 forbids discovery taken for harassment or delay. The subpoena was issued against Judge Burress, a person who had no connection to the claimed wrong and was known only to the plaintiff through the judicial process when he was sentenced. Under such circumstances, even the fundamental right of access to the courts as set forth in *Johnson v. Avery*, 393 U.S. 483 (1969), cannot serve to render the conduct "protected." Plaintiff's reliance in his response on an two page order from the Tenth Circuit, *Peterson v. Lucero*, 165 Fed. Appx. 657 (2006), cannot

support his contention. The order itself states that it is not binding precedent and there is no holding that the prisoner's service of a subpoena on the warden was "protected conduct." As noted by defendant, unauthorized action has been held in this circuit not to be protected conduct. See, *Friedman v. Scott*, 1999 WL 775916 (CA TN) (unpublished).

In addition, there is no factual or legal link between the letter and the subpoena. The adverse action must be shown to be motivated, at least in part, by the plaintiff's protected conduct.[3] *Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005). Plaintiff does not identify the adverse action. Assuming that the action is the writing of the letter, there are no facts supporting knowledge by Cremonte or Getzen of the subpoena issued to Burress. Cremonte and Getzen were neither defendants nor witnesses in *Bair*. Further, the letter addresses itself to concerns about safety and asks only for surveillance after release. It does not request that parole be denied. If plaintiff identifies the adverse action as denial of parole, his claim still fails. That determination was made independently by the Parole Board who are not defendants here. The motivations of non-decision makers like Cremonte, Getzen, and Burress cannot establish a causal connection in a retaliation case. *Echlin v. Boland*, 111 Fed. Appx. 415, 2004 WL 2203550 (6th Cir. 2004); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001); *Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999). In Michigan, the decision to grant or deny parole is left to the discretion of the Parole Board. MCLA 791.235; *Hopkins v. Michigan Parole Board*,

---

[3]As is discussed *infra,* plaintiff is not clear as to what is the adverse action. It is debatable whether denial of parole is an "adverse action" in this context. There is no constitutional right to parole and the mere hope of parole is not protected by the due process clause. See, *Mecham v. Fano*, 427 U.S. 215, 225 (1976). It is not necessary to reach that issue here because, *inter alia*, none of the defendants made the decision to delay plaintiff's parole.

237 Mich. App. 629 (1999). Plaintiff has not sued the Board; it is their motivation which would be relevant. The motivation of these defendants is irrelevant to a claim that parole was denied in retaliation, and plaintiff has failed to state a claim for retaliation.

### 3. Plaintiff has not set forth facts supporting conspiracy

As discussed above, in the context of a conspiracy to deprive a person of civil rights, plaintiff must present specific facts demonstrating either the existence or the execution of the claimed conspiracy. Those facts must show a link between the alleged coconspirators and overt acts in furtherance of the conspiracy. Here there are no allegations of facts which would show a conspiracy. Plaintiff's recitation of conclusory allegations cannot serve to support his claim. (See Complaint Par. 26-30)

Most importantly, plaintiff must present facts to show that the conspirators agreed to commit an act which deprived plaintiff of a constitutional right. Here, plaintiff alleges that the defendants retaliated by writing a letter to the parole board in retaliation for the exercise of his First Amendment rights. If plaintiff is saying that the defendants conspired to defame him, he has not alleged a constitutional deprivation and his claim must fail. Defamation, while actionable as a tort under most state laws, does not deprive anyone of a constitutionally protected right. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). If plaintiff is saying that the defendants conspired to deprive him of his parole by writing the letter in retaliation against him for exercise of his First Amendment rights in subpoenaing Judge Burress, his claim still fails. Plaintiff has not alleged facts amounting to a constitutional violation. See, *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999). It is true that the right to be free from retaliation for exercising First

Amendment rights is clearly established. See, *Bloch v. Ribar*, 156 F.3d 673, 678 (6th Cir. 1998). However, as discussed above, plaintiff has no retaliation claim as none of the defendants were decision-makers. Further, there is no constitutionally protected right to parole in Michigan. *Echlin v. Boland*, 111 Fed. Appx. 415 (6th Cir. 2004), citing *Sweeton v. Brown*, 27 F.3d 1162, 1164-5 (6th Cir. 1994). Because the denial of parole in these circumstances does not amount to a constitutional violation, none of the defendants can be sued for money damages for their part, if any, in denying plaintiff parole. *Echlin*, 2004 WL 2203550 **2.

### 4. Defendants Burress and Cremonte are entitled to qualified immunity

Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights. Application of the defense turns on whether a defendant's conduct violated a clearly established statutory or constitutional right of which a reasonable person would have known. *Anderson v. Creighton,* 483 U.S. 635, 638-40 (1987). The Supreme Court has expressly stated that courts must first determine whether a constitutional right has been violated before moving to the analysis of whether a right was "clearly established" at the time of defendant's actions. *See, County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The facts alleged must show that the defendants' conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). For the right to be clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Anderson*, 483 U.S. at 640. Because plaintiff fails to allege the violation of

any constitutional right, let alone one that was clearly established, defendants are entitled to qualified immunity.

B. Brian Lavan's Motion to Dismiss (D/E 16)

Plaintiff brings all of his Section 1983 claims, conspiracy, and defamation against attorney Brian Lavan. All of the above discussion is applicable to the claims against Lavan. In addition, Lavan is a private actor and no facts are alleged from which it could be concluded that he acted under color of law. Section 1983 by it s terms requires that the defendant acted under color of state law at the time of the alleged deprivation. If not, no claim will lie. See, *Christy v. Bandlett*, 932 F.2d 502, 504 (6th Cir. 1991). There are no facts in the complaint which so indicate. Lavan is an attorney in private practice. He was so at all times relevant to this lawsuit. Thus, he is entitled to dismissal.

C. Defendant Cobb is Entitled to Dismissal ( D/E 17)

Cobb adopts and incorporates all the arguments offered by defendants Cremonte and Burress. The discussion above is equally applicable to Cobb. In addition, there is no showing of personal involvement by Cobb and he would be entitled to dismissal on that ground as well.

Cobb argues that the complaint could be dismissed as plaintiff lacks standing to bring a claim. In *Thaddeus-X v. Blatter*, 173 F.3d 378, 394 (6th Cir. 1999), the Sixth Circuit discussed the issue of standing with respect to a retaliation claim. The court stated: "In a retaliation claim . . . the harm suffered is the adverse consequences which flow from the inmate's constitutionally protected action. Instead of being denied access to the courts, the prisoner is penalized for actually exercising that right." Defendant Cobb submits that plaintiff does not allege that the

comments of defendants caused him to be chilled in the exercise of his First Amendment rights, nor caused any other harm to plaintiff. The court disagrees as to the latter position. While plaintiff does not alleged that he was chilled in the exercise of his First Amendment rights, he does allege that he suffered fear, anxiety, and emotional distress. Whether that is from the alleged retaliation or the defamation itself is unclear. Because plaintiff has otherwise failed to state a claim, it is not recommended that the case be dismissed for lack of standing. Thus, it is recommended that the case be dismissed as to Cobb.

V.  Conclusion

For the reasons discussed above, it is recommended that the Motions to Dismiss filed by defendants Burress, Cremonte, Lavan, and Cobb be granted and that they be dismissed with prejudice from this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: September 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and David J. Scott via the Court's ECF System and/or U. S. Mail on September 5, 2007.

David J. Scott
1308 Shelway Drive
Brighton, MI 48114-8171

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan