UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID SCOTT,

        Plaintiff,                       CIVIL ACTION NO. 06-13916

        v.                             DISTRICT JUDGE ARTHUR J. TARNOW

DANIEL A. BURRESS, BRIAN        MAGISTRATE JUDGE VIRGINIA M. MORGAN
LAVAN, THOMAS CREMONTE,
BERRY GETZEN, THOMAS
DeCLERCK[1], JAMIE CORONA, and
DARYN COBB,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff alleges that the defendants violated his constitutional rights. On March 3, 2008, the Honorable Arthur J. Tarnow ordered that defendants Cremonte, Getzen, DeClerck, Corona, and Cobb be dismissed (D/E #59). On March 14, 2008, Judge Tarnow ordered that plaintiff's complaint be dismissed because plaintiff had failed to maintain a current address with the court (D/E #60). Judge Tarnow also entered a judgment dismissing the case (D/E #61). The matter comes before the court on plaintiff's

---

[1]This court would note that defendant DeClerck's name has been spelled a variety of ways in the pleadings and orders in this case. However, there has been no motion to change the caption and this court will therefore spell the name as it is listed on the docket sheet.

-1-

Motion to Reopen Case (D/E #71) and plaintiff's motion for Temporary Restraining Order and/or for Preliminary Injunction (D/E #74). For the reasons discussed below, the court recommends that plaintiff's motions be **DENIED**.

## II. Background

As previously described by Judge Tarnow:

> David J. Scott was once a state prisoner. He alleges that his now-retired sentencing judge, an attorney in private practice, and members of the Michigan police and correctional systems conspired and retaliated against him for his exercise of constitutionally protected rights. Scott was scheduled to be released on parole, but one of the defendant police officers sent a letter to the parole board warning of Scott's alleged plans to kill his sentencing judge and an attorney. The board then suspended parole.
>
> Scott contends that this letter was defamatory and that the defendants retaliated against him because he had subpoenaed the sentencing judge in a suit that started over ten years ago.
>
> ***
>
> In a prisoner civil rights lawsuit in the Western District of Michigan, Scott subpoenaed Judge Burress, the state judge who had sentenced him earlier. *See* Complaint at 3, ¶ 9; Memorandum Opinion in *Scott v. Bair*, Ex. 1 to Burress and Cremonte's Motion to Dismiss. That court eventually quashed the subpoena, ruling that it was irrelevant to Scott's claim. *See* Mem. Opinion at 7.
>
> Scott contends in the instant case that former Judge Burress and the other defendants conspired and retaliated against Scott for issuing the 2005 subpoena against Burress. Complaint at 4, ¶ 13. This retaliation took place, says Scott, when Lieutenant Cremonte's letter dated August 5, 2005 was faxed on August 15, 2005 to the Michigan Parole Board. Complaint at 3, ¶ 10.

> Cremonte addressed his letter to Getzen, not the Parole Board. *See* Burress's and Cremonte's Supplemental Reply Br. in Supp. of Mot. to Dismiss, Ex. A (letter that Scott alleges was defamatory). Cremonte wrote that his "reason for this letter [was] to express
>
> [his] concern over Mr. Scott's release." Cremonte did not expressly ask that Scott's parole be suspended. Rather, he requested that the Michigan State Police assist with "some temporary intelligence gathering and surveillance on Scott immediately upon release." *See id*. at 2. Sheriff Cremonte's letter stated that Scott intended to kill attorney Lavan and Judge Burress, because Scott believed that they had played a role in his incarceration. According to the letter, the FBI reported to Cremonte's office that Scott had tried to hire people to kill Lavan. The letter also described Scott as "a very problematic inmate . . . [and] a rule breaker" who "files lawsuits regularly." [Order, March 3, 2008, pp. 3-4; D/E #59]

Defendants Burress, Cremonte, Lavan, and Cobb filed various motions to dismiss (D/E #9, #16, #17). On September 5, 2007, this court issued a report and recommendation finding that those motions to dismiss should be granted and that defendants Burress, Cremonte, Lavan, and Cobb should be dismissed with prejudice (D/E #48). Plaintiff objected to that report and recommendation (D/E #51).

On December 7, 2007, defendants Getzen, Corona, and DeClerck filed a motion to dismiss (D/E #56). This court ordered plaintiff to respond to that motion (D/E #57), but the mail was returned as undeliverable (D/E #58).

On March 3, 2008, Judge Tarnow issued an order adopting in part and denying in part the report and recommendation (D/E #59). Specifically, Judge Tarnow ordered that (1) Burress and Cremonte's motion to dismiss be granted as to Cremonte and denied as to Burress, (2) Lavan's

motion to dismiss be denied, (3) Cobb's motion to dismiss be granted, and (4) Getzen, Corona, and DeClerck's motion to dismiss be granted.[2]

As part of that order, Judge Tarnow also discussed a potential problem with plaintiff's address:

> Magistrate Judge Morgan's report and recommendation advised the court to grant the motions to dismiss filed by Cobb, Lavan, and Burress and Cremonte. After Magistrate Judge Morgan had entered her report and recommendation, the other defendants – Michigan State Police Officers Getzen, [DeClerck], and Corona – filed a motion to dismiss. Magistrate Judge Morgan had ordered Scott to respond to this last motion to dismiss, but her order was returned in the mail as undeliverable. Scott's address of record on the court docket is on Shelway Drive in Brighton. But below his signature on his most recent filings on September 19 2007, Scott left a different address, a P.O. Box in Brighton. The certificates of service on the recent motion to dismiss or on Magistrate Judge Morgan's order do not indicate the particular address where the papers were sent to Scott. It is possible that plaintiff Scott did not receive either the motion or the order. Scott has not timely responded to this recent motion to dismiss. [D/E #59, p. 2]

Judge Tarnow further noted that "[t]he court will send this order to both of Scott's addresses, and he may move for reconsideration of this order if he had not received the recent motion to dismiss." (D/E #59, p. 2)

On March 14, 2008, Judge Tarnow ordered that plaintiff's complaint be dismissed (D/E #60). Specifically, Judge Tarnow held that "[i]n its last order, the Court stated that it would mail

---

[2]When deciding Gertzen, Declerck, and Corona's motion to dismiss, Judge Tarnow noted that, while plaintiff never filed a response to that motion and had not received the most recent order of this court, the motion did not raise any significant or new arguments against plaintiff's case and plaintiff had already had an opportunity to respond to the defense of qualified immunity when addressing Cobb's and Cremonte's motions to dismiss. Consequently, Judge Tarnow vacated his order of reference and ruled on the motion.

that order to two of David Scott's addresses. Both mailings have been returned as undeliverable. Scott has failed to maintain a current address with this Court. Therefore, Scott's complaint is DISMISSED." Judge Tarnow also entered a judgment that same day (D/E #61).

On March 11, 2009, plaintiff filed another complaint against the same defendants in a case assigned to the Honorable Gerald E. Rosen (Case No. 09-10916, D/E #1). On March 31, 2009, Judge Rosen issued an opinion and order summarily dismissing that complaint on the basis that it was duplicative of the previously dismissed complaint filed in this case (Case No. 09-10916, D/E #5).

On April 7, 2009, plaintiff filed a motion to reopen the case (D/E #71). In that motion, plaintiff asserts that he stopped receiving the court's orders after his P.O. Box expired. According to plaintiff, his P.O. Box expired because plaintiff was arrested, incarcerated, and unable to maintain a mailing address. Plaintiff also asserts that his most recent arrest was concocted by defendants Burress and Lavan. Plaintiff further asserts that he notified the court of his change of address in a letter dated December 24, 2008, but he received no response. Plaintiff also asserts that, when he attempted to refile his complaint on March 4, 2009, the complaint was docketed as a new case and assigned to Judge Rosen, who summarily dismissed it.

Defendants Burress and Cremonte filed a response to plaintiff's motion to reopen the case on April 27, 2009 (D/E #78). In that response, those defendants argue that plaintiff's motion must be denied because it is untimely and because plaintiff failed in his affirmative duty to notify the court of a change in address.

Defendant Lavan also filed a response to plaintiff's motion to reopen the case on April 27, 2009 (D/E #82). In that response, Lavan also argues that plaintiff's motion must be denied because it is untimely and because plaintiff failed in his affirmative duty to notify the court of a change in address.

Plaintiff filed a reply in support of his motion to reopen the case on May 8, 2009 (D/E #88). In that reply, plaintiff argues that he is entitled to relief under Fed. R. Civ. P. 60 and that his motion was timely given the letter and motion he previously filed. Plaintiff also argues that defendants' actions were the cause of plaintiff's failure to maintain a current address with the court.

On April 17, 2009, plaintiff filed an emergency motion for temporary restraining order and/or for preliminary injunction (D/E #74). In that motion, plaintiff asserted that following his most recent arrest, defendant Burress orchestrated the disqualification of several judges and ensured that plaintiff's criminal case was assigned to a judge friendly to Burress and biased against plaintiff. Plaintiff also described various rulings made by the judge in his criminal case that plaintiff claims were only made due to bias. As relief, plaintiff requests that the court stay plaintiff's criminal case in Livingston County and restrain the judge in that case from issuing any more rulings. Plaintiff also requests a hearing for a preliminary injunction and any other relief the court deems necessary.

On April 27, 2009, defendant Lavan filed a response to plaintiff's emergency motion for temporary restraining order and/or for preliminary injunction (D/E #81). In that response, Lavan denied the allegations found in plaintiff's motion.

On May 4, 2009, defendants Burress and Cremonte filed a response to plaintiff's emergency motion for temporary restraining order and/or for preliminary injunction (D/E #85). In that response, those defendants argue that plaintiff may not pursue his motion where there is no pending action between the parties in this federal court and that precedent mandates that this federal court should abstain from intervening in plaintiff's state court criminal proceedings.

### III. Discussion

#### A. Motion to Reopen Case

Plaintiff makes his motion to reopen the case pursuant to Fed. R. Civ. P. 60.  Fed. R. Civ. P. 60 provides:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) Timing and Effect of the Motion.

(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.

(d) Other Powers to Grant Relief. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

(e) Bills and Writs Abolished. The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

As argued by defendants, plaintiff's motion to reopen the case should be denied as untimely. The rule provides that a motion for relief from a judgment must be filed "no more than a year after the entry of the judgment or order or date of the proceeding." Fed. R. Civ. P.

60(c)(1).  Here, plaintiff's motion was filed more than a year after the judgment was entered (D/E #61, #71) and his motion should therefore be denied.

Plaintiff argues that he attempted to reopen the case within the applicable time period through the letter he sent in December of 2008 or January of 2009.  However, the fact that the letter is addressed or copied to the other side or the court does not render it proper.  Federal court cases are to be litigated through complaints, motions, responses, and other pleadings as described in the Federal Rules of Civil Procedures.  Plaintiff also argues that he attempted to reopen the case within the applicable time period by refiling his complaint, but that the complaint was mistakenly docketed by the clerk's office as a new complaint.  However, even if plaintiff's assertions are correct, plaintiff's second complaint would have been improper where a judgment had been entered and plaintiff did not have leave to refile his complaint in this case.

Moreover, even if plaintiff's motion is deemed timely, it should still be denied on the merits.  Plaintiff had an affirmative duty to notify the court of any change in his address and the Sixth Circuit, in unpublished cases, has expressly upheld both a dismissal of a complaint and the denial of a motion for relief from judgment where the plaintiff failed in that duty to notify the court of a change in address.  See Barber v. Runyon, 23 F.3d 406, 406 (table), 1994 WL 163765, *1 (6th Cir. May 2, 1994); Holman v. Haskell, 9 F.3d 107, 107 (table), 1993 WL 424848, *1 (6th Cir. October 19, 1993).[3]

---

[3]This court would also note that the judgment entered against plaintiff would have preclusive effect in any future cases.  See Bragg v. Flint Bd. of Educ., No. 08-1632, ___ F.3d ___, 2009 WL 1323360, *1-2 (6th Cir. May 13, 2009) (holding that, unless the order of dismissal says otherwise, a dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) is an adjudication on the merits that should be given preclusive effect); Stelts v. University

## B. Motion for Temporary Restraining Order and/or Preliminary Injunction

Plaintiff makes his motion for temporary restraining order and preliminary injunction pursuant to Fed. R. Civ. P. 65.  Fed. R. Civ. P. 65 provides:

> (a) Preliminary Injunction.
>
> (1) Notice. The court may issue a preliminary injunction only on notice to the adverse party.
>
> (2) Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.
>
> (b) Temporary Restraining Order.
>
> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

---

Emergency Specialists, Inc., 20 Fed. Appx. 448, 449 (6th Cir. 2001) (holding that, where the district court dismissed a suit for lack of prosecution, the district court's decision constituted a final judgment on merits and the plaintiff's claims in a subsequent action based on the same allegations were barred by res judicata).

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 10 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

(4) Motion to Dissolve. On 2 days' notice to the party who obtained the order without notice--or on shorter notice set by the court--the adverse party may appear and move to dissolve or modify the order. The court must then hear and decide the motion as promptly as justice requires.

(c) Security. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

(d) Contents and Scope of Every Injunction and Restraining Order.

(1) Contents. Every order granting an injunction and every restraining order must:

(A) state the reasons why it issued;

(B) state its terms specifically; and

>(C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.
>
>(2) Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise:
>
>(A) the parties;
>
>(B) the parties' officers, agents, servants, employees, and attorneys; and
>
>(C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).
>
>(e) Other Laws Not Modified. These rules do not modify the following:
>
>(1) any federal statute relating to temporary restraining orders or preliminary injunctions in actions affecting employer and employee;
>
>(2) 28 U.S.C. § 2361, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader; or
>
>(3) 28 U.S.C. § 2284, which relates to actions that must be heard and decided by a three-judge district court.
>
>(f) Copyright Impoundment. This rule applies to copyright-impoundment proceedings.

In determining whether to issue a preliminary injunction or temporary restraining order, the court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the order or injunction is not issued; (3) whether the issuance of the order or injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the order or injunction. <u>Ohio Republican Party v. Brunner</u>, 543 F.3d 357, 361 (6th Cir. 2008);

Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 573 (6th Cir. 2002) (citations omitted).  Those factors are not prerequisites, but are factors that are to be balanced against each other.  United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir. 1998) (citation omitted).  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  Overstreet, 305 F.3d at 573, citing Leary, 228 F.3d at 739.

In this case, if plaintiff's motion to reopen the case is denied the court would lack jurisdiction to rule on plaintiff's motion for a temporary restraining order and/or preliminary injunction and, therefore, the motion also must be denied.  See United States v. Percy, No. 1:01-CR-278, 2007 WL 275969, *2 (N.D. Ohio January 25, 2007) (Gwin, J.) ("the case is closed and the Court lacks jurisdiction to consider the merits of Defendant's motion"); United States v. Fofo, 109 Fed. Appx. 775, 776 (6th Cir. 2004)(denying motion where court lacked jurisdiction to consider the matter in a closed criminal case).

Moreover, if the motion to reopen the case is granted and the court entertains jurisdiction over this motion, it should still be denied because the relevant factors weigh against granting it. Plaintiff has not shown a strong likely of success on the merits and, instead, he merely repeated the allegations found in his complaint.  While Judge Tarnow previously ruled that plaintiff sufficiently stated a claim against defendants Burress and Lavan, and that those defendants are not entitled to any immunity, Judge Tarnow did not address the merits of plaintiff's claim and

plaintiff offers absolutely no evidence now that he has a strong likelihood of prevailing on the merits.

Similarly, plaintiff offers nothing beyond his unsupported claims to suggest that he would suffer irreparable harm if the order or injunction is not issued. However, a plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages. Basicomputer Corp. v. Scott, 973 F.2d 507, 511 (6th Cir.1992). Courts have also held that a plaintiff can demonstrate that a denial of an injunction will cause irreparable harm if the claim is based upon a violation of the plaintiff's constitutional rights. See Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566, 578 (6th Cir. 2002) (collecting cases). In this case, plaintiff alleges that his arrest and incarcerated in Livingston County constitute a violation of his constitutional rights.

Moreover, while there is nothing to suggest that the issuance of the order or injunction would cause substantial harm to others, the public interest would not be served by issuing the order or injunction. As argued by defendants, "federal courts should, in all but the most exceptional circumstances, refuse to interfere with an ongoing state criminal proceeding." Doran v. Salem Inn, Inc., 422 U.S. 922, 930, 95 S.Ct. 2561, 45 L.Ed.2d 648 (1975) (citing Lake Carriers' Assn. v. MacMullan, 406 U.S. 498, 509, 92 S.Ct. 1749, 32 L.Ed.2d 257 (1972)). See also Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Younger, 401 U.S. at 43. As the Supreme Court in Huffman stated:

> In [the Younger] opinion for the Court by Mr. Justice Black, we observed that "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions". . . . there had also long existed a strong judicial policy against federal interference with state criminal proceedings. We recognized that this judicial policy is based in part on the traditional doctrine that a court of equity should stay its hand when a movant has an adequate remedy at law, and that it "particularly should not act to restrain a criminal prosecution." [Huffman v. Pursue, Ltd., 420 U.S. 592, 599-601, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (internal quotations omitted).]

Given that strong judicial policy, as well as the lack of evidence suggesting that plaintiff would prevail on the merits or suffer irreparable harm if a temporary restraining order or preliminary injunction is not issued, this court finds that plaintiff's motion for a temporary restraining order and preliminary injunction should be denied.

## IV. Conclusion

For the reasons discussed above, the court recommends that plaintiff's motions be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

<u>S/Virginia M. Morgan</u><br>
Virginia M. Morgan<br>
United States Magistrate Judge

Dated: May 29, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on May 29, 2009.

<u>s/Jane Johnson</u><br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan